IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEXAS PRECIOUS METALS, LLC | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 5:14-CV-00856 |
| | § | |
| PMIG OF TEXAS, LLC | § | |
| and TROY SNODY | § | |
|     Defendants. | § | |

## ORIGINAL COMPLAINT

Now comes Texas Precious Metals, LLC ("TPM"), Plaintiff, and brings this suit against PMIG of Texas ("PMIG") and Troy Snody ("Snody"), Defendants, and shows:

## I.
## PARTIES

1.     Plaintiff, TPM is a limited liability company, duly formed and existing under the laws of the State of Texas, having its principal place of business in Lavaca County, Texas

2.     Defendant PMIG is a limited liability company, duly formed and existing under the laws of the State of Texas, having its principal place of business at 616 Elm St., Portland, TX 78374. Defendant PMIG's agent for service is Troy Snody, who may be served at the same address.

3.     Defendant, Snody is an individual residing in the state of Texas who may be served at 616 Elm St., Portland, TX 78374.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), and 1338 (patents, trademarks, copyrights), 15 U.S.C. § 1121 (trademarks), and 17 U.S.C. § 501 (copyright).

5. The amount in controversy exceeds the minimal jurisdictional requirements.

6. Venue is properly placed pursuant to 28 U.S.C. § 1391 (general venue) in the Western District of Texas, San Antonio. All or a substantial part of the events giving rise to this claim occurred in Bexar County.

7. This Court has personal jurisdiction over the Defendants since Defendants have sufficient minimum contacts with this State and, in particular, this Judicial District, and maintenance of the suit in this Judicial District does not offend traditional notions of fair play and substantial justice. Defendants are offering to sell and are selling goods and services in Texas and same are the subject of TPM's allegations set forth herein. Further, Defendants are offering to sell and are selling goods and services in Texas as a result of the complained of acts set forth herein. Defendants' acts of infringement took, and continue to take, place in this Judicial District.

8. This Court has pendant jurisdiction over all of the claims asserted herein, these claims being necessarily determinable together with the federal claims.

## III.
## FACTS

### A.  PLAINTIFF

9. In May 2011, TPM was established to engage in the sale of gold, silver, and platinum coins and bars.

10. TPM is a part of a family of businesses established in Shiner, Texas.

11.     Due to the hard work of TPM's management and its dedicated employees, TPM has grown into one of the nation's leading precious metal dealers.

12.     Part of its success is due to TPM deliberately making its trade names and trademarks into well-known brands within the precious metals sales industry and to the relevant consuming public.

13.     TPM has engaged in the sale and offer for sale of services in the nature of an online retail store featuring gold and silver and other rare metals, coins of others, and bullion identified by the U.S. Federal trademark Registration Number 4,404,997 on the supplemental register, in interstate commerce continuously since at least as early as March 31, 2011:

 ®  (the "TEXAS MARK")

14.     Attached hereto as Exhibit "A" is a true and correct copy of TPM's certificate of registration of the trademark Reg. No. 4,404,997 incorporated herein by reference.

15.     The TEXAS MARK registration is in full force and effect and the TEXAS MARK is still owned and used by TPM.

16.     TPM has engaged in the sale and offer for sale of services in the nature of an online retail store featuring gold and silver and other rare metals, coins of others and bullion identified by the registered trademark TEXAS PRECIOUS METALS®, Reg. No.  4,404,998, in interstate commerce continuously since at least as early as March 31, 2011.

17.     Attached hereto as Exhibit "B" is a true and correct copy of TPM's certificate of registration of the trademark TEXAS PRECIOUS METALS® incorporated herein by reference.

18.     The TEXAS PRECIOUS METALS® registration is in full force and effect and TEXAS PRECIOUS METALS® is still owned and used by TPM.

19.     TPM has engaged in the sale and offer for sale of services in the nature of an online retail store featuring gold and silver and other rare metals, coins of others, and bullion identified by the registered trademark BUSINESS THE TEXAS WAY®, Reg. No. 4,581,169, in interstate commerce continuously since at least as early as November 25, 2013.

20.     Attached hereto as Exhibit "C" is a true and correct copy of TPM's certificate of registration of the trademark BUSINESS THE TEXAS WAY® Incorporated herein by reference.

21.     The BUSINESS THE TEXAS WAY® registration is in full force and effect and BUSINESS THE TEXAS WAY® is still owned and used by TPM.

22.     Hereinafter, TPM's registered trademarks and common law marks, listed in part above, are collectively referred to as "TPM MARKS" unless otherwise noted.

23.     TPM accomplished making its TPM MARKS well-known by extensively advertising its TPM MARKS in its direct communications with prospective and actual customers, using it in direct mail advertisements and other print advertisements and promotions, using it on its website, on the Internet and video advertising; and in connection with cross-promotional activities with its suppliers and partners.

24.     As an example, TPM sells "Texas Silver Rounds" that are embossed with its name "Texas Precious Metals." Since 2013, over 1 million of the Texas Silver Rounds have been sold into circulation to the consuming public.

25.     TPM also produces custom retail coins, bars, and "monster boxes" bearing its registered trademarks.

26.     TPM does business through its internet domain name www.texmetals.com, which incorporates its TPM MARKS.

27.     Attached hereto as Exhibits "D" and "E" are true and correct copies of the TPM website that TPM claims has been copied by Defendants.

28.     By virtue of TPM's use of the TPM MARKS in commerce, TPM has also acquired common law rights in the TPM MARKS in addition to those afforded by the TPM MARKS registrations.

29.     TPM's TPM MARKS services are well known for their high quality.

30.     TPM has advertised its TPM MARKS extensively.

31.     The TPM MARKS have become widely and favorably accepted by the community at large and have enjoyed much commercial success.

32.     As a result of the unique and distinctive nature of TPM's TPM MARKS, the goods and services offered therein, the advertising associated therewith, and widespread and favorable public acceptance and recognition, TPM's TPM MARKS, have become strong marks and assets of substantial and incalculable value as a symbol of TPM, well-known and widely perceived by consumers to identify the quality products and services of TPM, and its favorable goodwill.

33.     Customers identify TPM's goods and services by the TPM MARKS.

34.     Often, TPM's sales of its goods and services are to repeat customers who purchase TPM's goods and services because they are satisfied with their prior purchases.

35.     TPM's use of the TPM MARKS as trademarks in interstate commerce has been open and notorious.

36.     Title 15, United States Code, § 1114(1) makes unauthorized use of TPM's federally registered marks in a way likely to cause confusion or to cause mistake unlawful.

37.     Title 15, United States Code, § 1125(a), makes unauthorized use of TPM's MARKS in a way likely to cause confusion or to cause mistake unlawful.

**B.     DEFENDANT**

38.     On or about December 19, 2013, Defendant Snody placed an order from TPM.

39.     That same day, Defendant Snody purchased the Internet domain name "pmigtx.com."

40.     On information and belief, in the summer of 2014 Defendants began operation of their business selling precious coins and metals.

41.     Defendant is engaged in online retail store sales and offer for sale of gold and silver and other rare metals, coins of others, and bullion in interstate commerce, including this judicial district.

42.     Defendants are in direct competition with TPM for virtually identical goods and services as TPM sells under the TPM MARKS.

**C.     TRADEMARK INFRINGEMENT**

43.     In or about the summer of 2014, Defendants began operating their online retail store using the mark "PMIG of Texas."

44.     The mark being used by defendants is:



45.     Attached hereto as Exhibit "F," and incorporated herein by reference, is a true and correct copy of the first page of Defendants' website as a sample of Defendants' use of the marks in connection with Defendant's offer for sale and sale of precious metals.

46.     Defendants are using the logo:

 (the "TEXAS LOGO")

on the Internet, in advertisements, and on labels for service, product, and source identification, and in other ways customary to the trade.

47.     The above uses of the TEXAS LOGO by Defendants have been made available, by Defendants, to consumers.

48.     The TEXAS LOGO, as shown in Defendants' advertisement, and the name by which Defendant is doing business is so similar to the TEXAS MARK registered and used by TPM that it is likely to cause confusion or to cause mistake or to deceive the consuming public into believing that the Defendants' goods and services are sponsored by or related to TPM's goods and services.

49.     Defendants had actual notice of TPM's ownership of the TEXAS MARK prior to their first use of the TEXAS LOGO.

50.     TPM registered the TEXAS MARK prior to the Defendants using the TEXAS LOGO.

51.     Defendant had actual knowledge that TPM was doing business using the TPM MARKS prior to Defendant beginning direct competition with TPM, in the same market area.

52.     Defendant's use of the TEXAS LOGO has been without TPM's permission.

53.     Defendant's acts have injured and are likely to injure the business reputation and to dilute the distinctive quality of TPM's TPM MARKS, and damage TPM's good-will.

54.     Defendants' acts have been committed maliciously, willfully, and wantonly to deprive TPM of its rights and property and the complained-of acts were done maliciously and willfully

and with reckless disregard for the rights of TPM and the TPM was thereby damaged, and continues to be damaged.

55. Defendants have been unjustly enriched due to its unlawful acts as set forth herein.

56. Defendant's use of the confusingly similar TEXAS LOGO to TPM's TEXAS MARK trademark, has been committed knowingly and willfully and will continue unless enjoined by this Court.

57. Unless Defendant's acts are enjoined, TPM will suffer great, incalculable and irreparable harm.

**D.     UNFAIR ACTS**

58. In addition to those acts described above, Defendants have copied to a great extent TPM's website.

59. Defendants' home page header has been designed to look like TPM's home page header.

60. Defendants' home page body has been designed to look like TPM's home page body.

61. Defendants' home page footer has been designed to look like TPM's home page footer.

62. Defendants' charts have been designed to look like TPM's charts.

63. Defendants' category page has been designed to look like TPM's category page.

64. Defendants copied TPM's webpage regarding secure storage.

65. Defendants copied TPM's unique guarantee "If we don't have it, we don't sell it" using "If it's not IN STOCK, we will not sell it."

66. Other similarities include image and description placements in the look and feel of the websites.

67. Defendants' copying of TPM's website is not limited to the examples listed above.

**E.     COPYRIGHT INFRINGEMENT**

**TPM's Website is Copyrighted**

68. TPM's website contains copyrightable subject matter.

69. TPM's website bears the following legend, "© 2010-2014 Texas Precious Metals LLC. All Rights Reserved."

70. TPM's website has not been published.

71. TPM's website is protected by federal copyright law.

72. TPM, and/or independent contractors who assigned their rights to TPM, authored the website.

73. TPM owns all relevant copyright rights in its website.

74. TPM has filed one or more applications to register its copyright in its website with the United States Copyright Office.

**Defendant Had Access To TPM's Website**

75. On information and belief, the persons who created Defendants' website had access to TPM's website prior to or at the time of creating Defendants' website.

**Defendant's Website is copied from TPM's Website**

76. The persons who created Defendants' website copied portions of TPM's website.

**Defendant's Website is Substantially Similar to TPM's Website**

77. TPM's website and Defendants' website appear to the ordinary observer to be substantially similar.

78. The recitations of similarities set forth in this Complaint are not all inclusive nor limiting, but merely illustrative.

79. The layout and design of the websites are substantially similar.

80. The structure of the websites appear to the ordinary observer to be substantially similar.

81.     Based upon a comparison of the websites, upon information and belief, Defendants' website source code is substantially similar to TPM's website source code.

## IV.
## CAUSES OF ACTION

### COUNT I
*(Federal Trademark Infringement)*

82.     Defendants have, without the consent of TPM, used in commerce a reproduction, counterfeit, copy, or colorable imitation of TPM's registered mark in connection with the sale, offering for sale, distribution, or advertising of goods and services in connection with which such use is likely to cause confusion or to cause mistake or to deceive and has reproduced, counterfeited, copied or colorably imitated a registered mark and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive, all in violation of 15 U.S.C. § 1114.

83.     Defendants' actions, as described herein, were committed willfully and with reckless disregard for TPM's rights.  TPM is entitled to recover exemplary damages in addition to its actual damages.

### COUNT II
*(Federal Unfair Competition)*

84.     Defendants have been and is continuing to use a false description of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association

of such person with another person, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person and, in commercial advertising or promotion, has misrepresented and is misrepresenting the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, all in violation of 15 U.S.C. § 1125(a) (Lanham Act §43(a)).

85.     Defendants' actions, as described herein, were committed willfully and with reckless disregard for TPM's rights.  TPM is entitled to recover exemplary damages in addition to its actual damages.

## COUNT III
*(Copyright Infringement)*

86.     Defendants' acts have and will continue to infringe TPM's copyright rights in violation of 17 U.S.C. §§101 et. seq.

87.     TPM is entitled to an injunction pursuant to 17 U.S.C. §503 restraining Defendant, its officers, agents, employees, and all persons acting on concert with them from infringing TPM's copyright rights, damages pursuant to 17 U.S.C. §504 and attorney's fees.

## COUNT IV
*(State Trademark Infringement)*

88.     Defendants' acts complained of herein comprise trademark infringement against TPM under the laws of the State of Texas.

## COUNT V
*(State Unfair Competition)*

89.     Defendants' acts complained of herein comprise unfair competition against TPM under the laws of the State of Texas.

## COUNT VI
*(Unjust Enrichment and Misappropriation)*

90. Defendants' acts complained of herein have unjustly enriched Defendants and have misappropriated TPM's property.

## COUNT VII
*(Injunctive Relief)*

91. TPM seeks a permanent injunction pursuant to 15 U.S.C. §§1116 and 1125(c), and Texas Business & Commerce Code § 16.29.

92. TPM has no adequate remedy at law or otherwise for the harm or damage done by Defendant because TPM's business will be irreparably damaged and such damage is difficult to determine by the use of a name that is likely to cause confusion to customers and vendors.

93. TPM will suffer irreparable harm, damage, and injury unless the acts and conduct of Defendants complained of above are enjoined because the use of Defendants' mark is likely to cause confusion among customers and vendors which will result in a loss of customers, loss of revenue, loss of profits, diminished marketing and advertising, loss of reputation, and trademark dilution.

94. It is essential that Defendants be restrained from doing and performing the above described acts, because if Defendants are allowed to use the TEXAS LOGO, TPM will suffer a financial loss to its business which is difficult to determine and which may not be regained.

## COUNT VIII
*(Attorney's Fees)*

95. TPM has incurred attorney's fees and other costs associated with the filing of this suit.

96. As a result of the conduct described above, TPM is entitled to recover its attorneys' fees.

## COUNT IX
*(Exemplary Damages)*

97.     Defendants' actions, as described herein, were committed willfully and with reckless disregard for TPM's rights.  TPM is entitled to recover exemplary damages in addition to its actual damages.

## V.
## CONSOLIDATED ALLEGATIONS

98.     Each of the facts alleged above is alleged with regard to each and every Count and cause of action herein.

## VI.
## PRAYER

WHEREFORE, Plaintiff, Texas Precious Metals, LLC, respectfully prays:

I.     A permanent injunction be granted and a writ of injunction issue commanding Defendants, their agents, servants, employees, attorneys, or anyone acting in concert with them be permanently enjoined from:

    A.     Representing to anyone or committing any acts calculated to cause members of the public to believe that Defendants' goods or services have any authority, sponsorship, affiliation, or any connection with Plaintiff or Plaintiff's goods and services.

    B.     Using, in any manner the trademarks TEXAS PRECIOUS METALS, BUSINESS THE TEXAS WAY, a design incorporating the shape of the State of Texas, a design incorporating the shape of a star, or any other words or designs similar thereto that may cause, or may be likely to cause, confusion, mistake, or deception by the public, alone or in combination with any other word or words.

    C.    Infringing Plaintiff's copyright rights in Plaintiff's website, website source code, and any advertising resembling Plaintiff's website..

    D.    Continuing Defendants' unlawful acts as complained of herein.

II.    Defendants pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' wrongful acts in an amount of at least fifty thousand dollars ($50,000.00).

III.    Defendants account for and return to Plaintiff all monies, gains, and profits and advantages obtained by Defendants due to Defendants' wrongful acts.

IV.    Defendants pay to Plaintiff exemplary and additional damages.

V.    Defendants pay to Plaintiff, Plaintiff's reasonable attorneys' fees.

VI.    Defendants pay to Plaintiff pre-judgment and post-judgment interest at the highest rate allowed by law.

VII.    Defendants pay to Plaintiff, Plaintiff's costs of this action.

VIII.    The Court award to Plaintiff such other and further relief as may be deemed proper.

Respectfully submitted,

JACKSON WALKER, L.L.P.
112 East Pecan Street, Suite 2400
San Antonio, TX  78205
210-978-7783  (Telephone)
210-242-4683  (Facsimile)
cwhite@jw.com
dchapman@jw.com


By       /S/      
    Cline H. White
    Texas State Bar No. 00785229
    Daniel D. Chapman
    Texas State Bar No. 04121300

Attorneys for Plaintiff